UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| YOHVAUGHN C. BROWN,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>　　　　　Defendant. | Case No. 2:18-cv-01643-JAD-PAL<br><br>**SCREENING ORDER**<br><br>(IFP App. – ECF No. 1) |

Plaintiff Yohvaughn C. Brown's has submitted an Application to Proceed *In Forma Pauperis* (ECF No. 1) along with a proposed Complaint (ECF No. 1-1). The Application and Complaint are referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) and LR IB 1-3 of the Local Rules of Practice.

**I.　APPLICATION TO PROCEED *IN FORMA PAUPERIS***

Ms. Brown's Application includes the affidavit required by § 1915(a) showing an inability to prepay fees and costs or give security for them. Accordingly, the request to proceed *in forma pauperis* ("IFP") will be granted. The court will now review the proposed complaint.

**II.　SCREENING THE COMPLAINT**

**A.　Legal Standards**

After granting a request to proceed IFP, federal courts must screen a complaint and any amended complaints before allowing a case to move forward, issuing summonses, and requiring a responsive pleading. *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc). Courts are required to dismiss an IFP action if the complaint fails to state a claim upon which relief may be granted, is legally "frivolous or malicious," or seeks money from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). The standard for determining whether a plaintiff has failed

to state a claim upon which relief can be granted under § 1915 is the same as the standard under Rule 12(b)(6) of the Federal Rules of Civil Procedure[1] for failure to state a claim. *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). A screening under Rule 12(b)(6) is essentially a ruling on a question of law. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).

A properly pled complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To avoid dismissal, a plaintiff must allege enough facts to state a claim for relief that is plausible on its face. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim has facial plausibility when a plaintiff alleges factual content that allows the court to make a reasonable inference that a defendant is liable for the claim alleged. *Teixeira v. County of Alameda*, 873 F.3d 670, 678 (9th Cir. 2017) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). This plausibility standard is not a " 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). Although Rule 8(a) does not require detailed factual allegations, it demands "more than labels and conclusions." *Iqbal*, 556 U.S. at 678. Allegations in a pro se complaint are held to less stringent standards than formal pleading drafted by lawyers. *Hebbe v. Pliler*, 627 F.3d 338, 342 n.7 (9th Cir. 2010).

Here, Ms. Brown challenges a decision by the Social Security Administration ("SSA") denying her disability insurance benefits and supplemental security income under Title II of the Social Security Act. Compl. (ECF No. 1-1) at ¶ 3. To state a valid benefits claim, a complaint must give the Commissioner fair notice of what the plaintiff's claim is and the grounds upon which it rests. *See Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011) (noting that a complaint must contain sufficient factual allegations "to enable the opposing party to defend itself effectively"). A plaintiff must present sufficient detail for the court to understand the disputed issues so that it can meaningfully screen the complaint. *See* 4 Soc. Sec. Law & Prac. § 56:4 (2016); 2 Soc. Sec. Disab. Claims Prac. & Proc. §§ 19:92–93 (2nd ed. 2015). To do so, a complaint should state *when* and *how* a plaintiff exhausted her administrative remedies with the SSA and the nature of her disability, including the date she claims she became disabled. The complaint should also contain

---

[1] All references to a "Rule" or the "Rules in this Order refer to the Federal Rules of Civil Procedure.

a short and concise statement identifying *why* the SSA's decision was wrong and showing that the plaintiff is entitled to relief. *Sabbia v. Comm'r Soc. Sec. Admin.*, 669 F. Supp. 2d 914, 918 (N.D. Ill. 2009), *aff'd by* 433 F. App'x 462 (7th Cir. 2011).

### B. Exhaustion of Administrative Remedies

Before a plaintiff can sue the SSA in federal court, she must exhaust her administrative remedies. 42 U.S.C. § 405(g); *Bass v. Social Sec. Admin.*, 872 F.2d 832, 833 (9th Cir. 1989) ("Section 405(g) provides that a civil action may be brought only after (1) the claimant has been party to a hearing held by the Secretary, and (2) the Secretary has made a final decision on the claim"). Generally, if the SSA denies an application for disability benefits, a claimant can request reconsideration of the decision. If the claim is denied upon reconsideration, a claimant may request a hearing before an Administrative Law Judge ("ALJ"). If the ALJ denies the claim, a claimant may request review of the decision by the Appeals Council. If the Appeals Council declines review, a claimant may then request review by the United States District Court. *See* 20 C.F.R. §§ 404.981, 416.1481. A civil action for judicial review must be commenced within 60 days after receipt of the Appeals Council's notice of a final decision. *Id.*; 20 C.F.R. § 405.501. The SSA assumes that the notice of final decision will be received within five days of the date on the notice unless shown otherwise; thus, an action commenced within 65 days is presumed timely. The civil action must be filed in the judicial district in which the plaintiff resides. 42 U.S.C. § 405(g).

In this case, Ms. Brown alleges that on August 17, 2018, the Appeals Council denied the request for review and the ALJ's decision became the final decision of the Commissioner. Compl. ¶ 8. Thus, it appears she has exhausted her administrative remedies. She timely commenced this action as the Complaint was filed on August 29, 2018, and the Complaint indicates that she resides within the District of Nevada. *Id.* ¶ 1. Accordingly, Ms. Brown has satisfied these prerequisites for judicial review.

### III. GROUNDS FOR MS. BROWN'S APPEAL

The Complaint seeks judicial review of the Commissioner's decision benefits and asks the court to reverse that decision, or alternatively, to remand this matter for a new hearing. A district court can affirm, modify, reverse, or remand a decision if plaintiff has exhausted his administrative

3

remedies and timely filed a civil action. However, judicial review of the Commissioner's final decision is limited to determining whether: (1) there is substantial evidence in the record as a whole to support the Commissioner's findings; and (2) the correct legal standards were applied. *Morgan v. Comm'r Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999).

In her Complaint, Ms. Brown alleges she has been disabled from June 10, 2011, her alleged onset date, through December 31, 2013, her date last insured. Compl. ¶ 5. The ALJ found Brown to have the severe impairments of systemic lupus erythematosus; depression; obesity; asthma; obstructive sleep apnea; osteoarthritis; and knee impairment. *Id*. ¶ 9(a). Despite her severe impairments, the ALJ found that Ms. Brown had the residual functional capacity to perform

> sedentary work, except frequently reaching overhead to the left and frequently reaching overhead to the right. For all other reaching, she can reach frequently to the left and frequently to the right. Brown has fingering limitations frequently with the left hand, and has fingering limitations frequently with the right hand. Brown can occasionally climb ramps and stairs; never climb ladders, ropes, or scaffolds; occasionally balance, stoop, kneel, crouch, crawl; occasionally work at unprotected heights; occasionally have exposure to moving mechanical parts, and operate a motor vehicle; occasionally be in humidity, wetness, dust, odors, fumes, pulmonary irritants, extreme cold, and vibration. Brown is able to understand, carry out, remember, perform simple, routine, and repetitive tasks but not at a production rate pace but would complete all end of day goals involving only simple work-related decisions with the ability to adapt only to routine work place changes; and frequently interact with supervisors, coworkers, and the general public.

*Id*. ¶ 9(b). The ALJ found that she could not perform her past relevant work but, relying on a vocational expert's testimony, found that she could perform other work as a document preparer, addresser, and surveillance system monitor. *Id*. ¶ 9(c), (d).

Ms. Brown alleges that the ALJ's decision lacks the support of substantial evidence because the vocational expert's testimony concerning the cited occupations was that consistent with the information with the *Dictionary of Occupational Titles* and agency policy. *Id*. ¶ 9(e). Brown asserts the ALJ further erred by improperly rejecting her pain and symptom testimony. *Id*. ¶ 9(e). The Complaint contains sufficient allegations of underlying facts to give the Commissioner fair notice of Ms. Brown's disagreement with the SSA's final determination. Accordingly, she has stated a claim for initial screening purposes under 28 U.S.C. § 1915.

Based on the foregoing,

///

**IT IS ORDERED**:

1. Plaintiff Yohvaughn C. Brown's Application to Proceed *In Forma Pauperis* (ECF No. 1) is **GRANTED**. She will not be required to pay the $400 filing fee.
2. Ms. Brown is permitted to maintain this action to conclusion without prepaying any fees or costs or giving security therefor. However, this Order granting IFP status does not extend to the issuance and/or service of subpoenas at government expense.
3. The Clerk of the Court shall **FILE** the Complaint.
4. The Clerk of the Court shall **ISSUE SUMMONS** to the United States Attorney for the District of Nevada and **DELIVER** the summons and Complaint to the U.S. Marshal for service.
5. The Clerk of Court shall also **ISSUE SUMMONS** to the Commissioner of Social Security and Attorney General of the United States.
6. Ms. Brown shall **SERVE** the Commissioner of Social Security by sending a copy of the summons and Complaint by certified mail to: (1) Office of the Regional Chief Counsel, Region IX, Social Security Administration, 160 Spear Street, Suite 800, San Francisco, California 94105-1545; and (2) Attorney General of the United States, Department of Justice, 950 Pennsylvania Avenue, N.W., Room 4400, Washington, D.C. 20530.
7. Following the Commissioner's filing of an answer, the court will issue a scheduling order setting a briefing schedule.
8. From this point forward, Ms. Brown shall serve upon Commissioner or, if appearance has been entered by counsel, upon the attorney, a copy of every pleading, motion, or other document filed with the Clerk of the Court pursuant to LR IC 1-1 and 4-1 of the Local Rules of Practice. In accordance with LR IC 4-1(d), the parties shall include with each filing a certificate of service stating that a true and correct copy of the document was served on an opposing party or counsel for an opposing party and indicating how service was accomplished. The court may disregard any paper received by a district judge or magistrate judge that has not been filed with the Clerk of the

Court, and any paper received by a district judge, magistrate judge, or the Clerk of the Court that fails to include a certificate of service.

Dated this 17th day of October, 2018.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE